UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-4   FELICIA RAMSEY,

    Defendant (#4).

_____/

Case No.:  14-CR-20115

Hon. Gerald E. Rosen

## SENTENCING MEMORANDUM FOR DEFENDANT (#4), FELICIA RAMSEY

NOW COMES Defendant (#4) in the above captioned matter, FELICIA RAMSEY, by and through her counsel, JERRY R. ABRAHAM, and files this Sentencing Memorandum setting forth factors that this Court may consider in determining the type and length of sentence for Felicia Ramsey ("Ms. Ramsey").

### FACTUAL BACKGROUND AND INTRODUCTION

On March 4, 2014, Ms. Ramsey – together with four other co-defendants (Johnnie Denham, Anthony Craig Paul, Vernon Lawson, and Jacqueline Brown) – was charged as part of an 11-count indictment.  On June 10, 2015, and pursuant to a duly executed Rule 11 Plea Agreement, Ms. Ramsey pled guilty to one count, Count 10, a violation of 18 U.S.C. § 287 (false

1

claim). The sentencing guidelines provide a maximum range of 12-18 months, but for reasons more thoroughly addressed throughout this memorandum, Ms. Ramsey requests that this Court consider non-custodial options in lieu of any term of incarceration.

Defendant Denham was the leader of a conspiracy attempting to receive fraudulent tax refunds from the Internal Revenue Service, and Defendants Lawson and Paul assisted Denham in the filing of false returns and in the recruitment of others into Denham's scheme. What made Ms. Ramsey particularly vulnerable was that Denham was a former boyfriend and a former employer of hers. This placed Denham in a position of historically strong influence over Ms. Ramsey, and it made her especially susceptible to him. She has never used these factors as excuses for her conduct, but it should help the Court place her behavior in a broader context – especially in light of the fact that it was Denham, not Ms. Ramsey, who prepared the relevant fraudulent amended return document for her signature. She is gainfully employed, and other than one isolated incident (which occurred more than 23-1/2 years ago at age 19) has no criminal history.

There are two additional factual background items which should be brought to the Court's attention. First, while pleading guilty to this false claim offense, Ms. Ramsey has cooperated with the Internal Revenue Service as well as with the Department of Justice. To the best of her ability, she cooperated with the revenue officer in returning the illegally obtained funds still remaining in her possession. She cooperated in the interview process during the investigation, and she intends to testify at the trial of the remaining defendants. She has tremendous remorse over her actions, and desperately wants to put this mistake behind her.

The second significant additional background item relates to Ms. Ramsey's current health and is further compounded by the stress, remorse, and anxiety she feels every day. Namely, last spring Ms. Ramsey was diagnosed with Crohn's Disease. Crohn's is an inflammatory bowel disease which can cause severe abdominal pain, diarrhea, fatigue, weight loss, and malnutrition. At the time of Ms. Ramsey's Presentence Investigation Report, she was controlling the disease by taking Azathioprine twice a day. However, in the months following the completion of this report, the disease has intensified, and her doctors are now recommending surgery and have intensified her medication protocol. Obviously, the stress brought on by these events have fueled the progression of this disease, and her medical history of anemia and high blood pressure have only brought on additional complications. (See attached, 'Exhibit A').

## APPLICATION OF 18 U.S.C. § 3553

There are a number of important facts and circumstance surrounding Ms. Ramsey that implicate many factors delineated in 18 U.S.C. § 3553. Ms. Ramsey maintains that a review of these facts and circumstances mitigate in favor of a non-custodial sentence.

First, 18 U.S.C. § 3553(a)(1) references "the nature and circumstances of the offense and the history and characteristics of the defendant." Defendant has never downplayed the seriousness of this offense. Quite the opposite – upon realizing the severity of her actions she cooperated to the best of her ability and will continue to do so through the upcoming anticipated trial. However, even from the government's perspective she was deemed only a minor actor in

3

Denham's overall scheme, and by the government's own analysis one of the larger fraudulent refunds claimed by Denham under Ramsey's name was done so without her knowledge or consent.

Second, 18 U.S.C. § 3553(a)(2)(A) requires that any sentence imposed needs "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." These requirements can be satisfied with a non-custodial sentence. Ms. Ramsey feels genuine remorse over her actions. It is quite literally making her sick, and it is the motivating factor behind her continuing cooperation and desire to undo her past mistakes. A defendant's remorse can be considered in a downward variance from the sentencing guidelines. United States v. Howe, 543 F.3d 128, 130 (3d Cir. 2008). Moreover, a felony conviction alone will undoubtedly harm her professional reputation. She is now gainfully employed as a payroll specialist, and she desires to return to school to complete her college education in the business or finance fields. The collateral consequences of her conduct and resulting guilty plea reflect the seriousness of the offense and provide significant punishment. A felony conviction will have very long lasting implications in her life, and an additional term of incarceration is not necessary.

Third, 18 U.S.C. § 3553(a)(2)(B) and (C) provide that any sentence "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." Ms. Ramsey has never served any period of incarceration, and for purposes of calculating her sentencing guidelines has a 'criminal history score' of zero. She has steady employment, and but for her previous association with Defendant Denham, would almost certainly not be before this Court today. Given the impact that these events have had – and will continue to have – on her

4

health, welfare, and future employment opportunities, there is a practical certainty that Ms. Ramsey has overcome the cause of the criminal behavior being punished, and a non-custodial sentence beyond those existing impacts is more than sufficient to provide adequate deterrence of future criminal conduct. See, United States v. Davis, 763 F.Supp. 645, 652 (D.C. Cir. 1991).

Furthermore, in light of these issues, a custodial sentence is not always necessary to "protect the public" from a defendant such as Ms. Ramsey. See, United States v. Edwards, 595 F.3d 1004 (9th Cir. 2010); United States v. Baker, 502 F.3d 465 (6th Cir. 2007); United States v. Stall, 581 F.3d 276 (6th Cir. 2009). She has no history of violence, and is working with the requisite authorities to protect the public from Defendant Denham and the others who were the driving forces behind this criminal activity.

The final and perhaps most significant component of 18 U.S.C. § 3553(a)(2) is found in Subsection (D)'s requirement that a sentence provide the defendant with "needed ... medical care ... in the most effective manner." This provision is best served through a non-custodial sentence during which Ms. Ramsey can continue working with her doctors at Henry Ford Hospital. Ms. Ramsey's Crohn's Disease is clearly worsening as briefly summarized in the attached 'Exhibit A.' She is now facing an increased regimen of a new prescription drug protocol as well as the very real likelihood of major abdominal surgery in the very near future. Any period of incarceration will not only have a huge impact on the course of her treatment plan, but the added stress and living conditions found within a prison will undoubtedly further complicate the disease going forward. Given all of the facts and circumstances highlighted

above – especially in light of her continuing cooperation with all ongoing matters relating to the upcoming trial (despite her illness), these medical issues provide the strongest basis on which a non-custodial sentence is appropriate.

**Conclusion**

In conclusion and for reasons more thoroughly explained herein, Defendant (#4) Felicia Ramsey requests this Court to impose a non-custodial sentence such as probation and/or alternative means as determined by the Court.

Respectfully submitted,

Dated: November 3, 2015

/s/ *Jerry R. Abraham*
Jerry R. Abraham (P45768)
Counsel for Defendant (#4), Felicia Ramsey
Abraham & Rose, P.L.C.
30500 Northwestern Hwy., Suite 410
Farmington Hills, Michigan 48334
Tel: (248) 539-5040 - Fax: (248) 539-5055
Email: info@abrahamandrose.com



## HENRY FORD HEALTH SYSTEM



EXHIBIT
A

October 27, 2015

Felicia C Ramsey  
19162 Collinson  
Eastpointe MI 48021

MRN: 32942571

To Whom it may concern,

Ms. Ramsey is under my care in the Henry Ford Gastroenterology Clinic for the management of her Crohn's disease. This is a chronic condition caused by an over active immune system that attacks the patient's own bowel. Ms. Ramsey's disease is currently poorly controlled and I have offered an escalation in treatment that would include either an IV infusion once every 8 weeks, or a self injection once every two weeks. She has already developed complications from the disease, and may require surgical intervention if it cannot be controlled with medications alone.

Sincerely,

KEITH MULLINS, MD

HFMC COLUMBUS GASTROENTEROLOGY  
39450 West 12 Mile Road  
Novi MI 48377  
Dept: 248-344-4140  
Dept Fax: 248-344-4145

Page 1 of 1