UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-4 FELICIA RAMSEY,

        Defendant.
_____/

No. 14-cr-20115
Hon. Gerald E. Rosen

**GOVERNMENT'S SENTENCING MEMORANDUM AND
MOTION FOR DOWNWARD DEPARTURE PURSUANT TO
SECTION 5K1.1 OF THE UNITED STATES SENTENCING GUIDELINES**

      The United States of America, by its undersigned attorney, respectfully submits this Sentencing Memorandum in anticipation of Defendant Felicia Ramsey's [RAMSEY] November 17, 2015 sentencing hearing. For the reasons that follow, the government submits that the most appropriate sentence in this case would be a sentence within a range 40% below the minimum of the applicable guideline range of **12-18 months**, that is, commensurate with a range of approximately **7-11 months** because of RAMSEY's cooperation and expected continued cooperation, as detailed below.

1

## I. OFFENSE CONDUCT

The offense conduct is accurately set forth in the Rule 11 Agreement and the Presentence Report [PSR], and need not be reiterated here.

## II. SENTENCING GUIDELINES CALCULATIONS

The parties agree with the probation department that the applicable sentencing guidelines range in this case is 12-18 **months**, based on an offense level of 13 and a criminal history category of I.

## III. MOTION FOR DOWNWARD DEPARTURE

The United States recommends, pursuant to the terms of the Rule 11 Plea Agreement and USSG §5K1.1, that the Court depart downward and impose a sentence commensurate with the **range of 7-11 months**, or approximately 40% below the applicable sentencing range. This recommendation is based on the information provided by RAMSEY pertaining to this case and her agreement to testify in the trial of her co-defendants, as more thoroughly described in RAMSY's sentencing memorandum.  RAMSEY also provided the names of two other witnesses who were approached by D-1 Johnnie Denham to prepare and submit false tax returns, and it is expected that they will also be called as witnesses against Denham at the February 2016 trial.

## IV. APPLICATION OF 18 U.S.C. § 3553(a)

18 U.S.C. §3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. In order to determine the "particular" sentence to impose, this Court must consider the familiar statutory factors listed in §3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines and another is the Commission's policy statements. *See* 18 U.S.C. § 3553(a)(4), (a)(5). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38 (2007). As noted, the guideline range in this case should be found to be **12-18 months**.

### A. NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

#### 1. The Nature and Circumstances of the Offense

The PSR and Rule 11 Plea Agreement adequately describe the nature and circumstances of the offenses in this case. For restitution purposes, the I.R.S. recovered $198,777.76, leaving a balance of $194,650.24 ($393,428 refund amount less the $198,777.76 recovered). Restitution should be payable jointly and

3

severally with RAMSEY's co-defendant D-1 Johnnie Denham, if he is convicted.

## 2. The History and Characteristics of the Defendant

The PSR and RAMSEY's sentencing memorandum contain a good deal of information on these factors. Of particular importance to the government, however, is Jackson's post-offense conduct, which has been crime-free and remorseful.

## B. THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE

The offenses in this case are serious but, for the reasons set forth above, a below-guideline sentence, like that recommended by the government, will sufficiently reflect that seriousness, promote respect for the law, and provide just punishment.

## C. THE NEED TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

The Court should consider deterrence in imposing its sentence, both in terms of preventing RAMSEY from re-offending and deterring others from committing like crimes. Because of her post-offense conduct, it seems unlikely that RAMSEY will commit any further offenses. The sentence recommended by the government should sufficiently accomplish the goal of general deterrence.

D. **THE NEED TO PROVIDE THE DEFENDANT WITH EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER**

The PSR adequately addresses this factor.

E. **THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT**

While the sentencing guidelines are advisory, they remain the sole means available for assuring some measure of uniformity in sentencing, fulfilling a key Congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the guidelines, while carefully considering the 3553(a) factors particularly relevant to an individual defendant, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Accordingly, the Supreme Court has held that "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process" in order to assure fair, proportionate, and uniform sentencing of criminal offenders. *Gall,* 552 U.S. at 50 n.6. The government is confident that this Court will do so.

## V. CONCLUSION

For all of the reasons stated above, the government respectfully requests that the Court grant the government's 5K1.1 motion and sentence the defendant within a range commensurate with 7-11 months, that is, approximately 40% below the applicable guideline range.

Respectfully submitted,

BARBARA L. MCQUADE
*United States Attorney*

*/s/Craig W. Weier*
Craig A. Weier
*Assistant United States Attorney*
211 West Fort Street, Suite 2001
Detroit, Michigan  48226
Phone:   313-226-9678
E-mail:  craig.weier@usdoj.gov
Bar no.: P33261

Date: November 17, 2015